HELEN F. COPLAND and Others, as Executors, etc., of ALFRED W. COPLAND, Deceased, Suing for Themselves as Stockholders and All Other Stockholders of COPLAND & PERLMUTTER, INC., a Domestic Corporation, Who .Shall Choose to Make Themselves Parties to This Action, Respondents, *v.* MAX PERLMUTTER and Another, Appellants.

First Department, May 18, 1934.

*Leo Guzik* of counsel [*Horace London* with him on the brief; *Leo Guzik*, attorney for the appellant Max Perlmutter; *Martin Perlmutter*, attorney for the appellant Copland & Perlmutter, Inc.], for the appellants.

*Emanuel Van Dernoot* of counsel [*Arthur Joseph*, attorney], for the respondents.

O'MALLEY, J. The question presented is whether plaintiffs proved that the defendant Perlmutter, by reason of certain entries in the books of the defendant corporation made at his direction, was guilty of a misappropriation for which he should account to

the corporation. The plaintiffs concede that no cause of action is vested in them as individuals and that their right to a recovery, if any, is necessarily predicated upon a derivitive action in favor of the corporation pursuant to the provisions of sections 60 and 61 of the General Corporation Law.

The plaintiffs are the executors and trustees of one Copland who originally instituted the action and in whose place and stead they were substituted upon his death. From the beginning the stock in the defendant corporation was held in equal shares by Copland and the defendant Perlmutter. They were its officers, and, with their respective wives, constituted its board of directors. The attorney in charge of its incorporation and who handled its affairs for some time, called as a witness for the plaintiffs, admitted that while the corporate form was maintained, for all practical intents and purposes, the business carried on was really a partnership between Copland and Perlmutter.

The complaint is general and fails to specify the acts of alleged misconduct on the part of the defendant Perlmutter. The bill of particulars, however, states that the funds of the corporation allegedly misappropriated " relate to the false and fraudulent entries " (hereinafter to be discussed), and to the value of certain fixtures and books and records. The bill likewise alleges damage of approximately $27,000, estimated to be due to the same false entries. · Neither the judgment nor decision makes any reference to the fixtures, nor was there sufficient evidence adduced tending to show any misappropriation thereof. The issues, therefore, relate solely to the question whether by reason of alleged false entries in the books of the corporation the individual defendant was guilty of misappropriation of its funds and liable to the corporation.

The judgment appealed from is a final judgment, not predicated upon an interlocutory judgment for an accounting or otherwise, and in addition to surcharging the defendant Perlmutter in the sum of $26,600, allegedly misappropriated by the entries mentioned, decrees the dissolution of the corporation and appoints a permanent receiver. ·

While the amended complaint contains in its prayer for relief a request for dissolution, there is no request for distribution, nor does it contain allegations setting forth a cause of action for dissolution or distribution. In the circumstances so much of the judgment as decrees a dissolution and appoints a receiver for distribution of the assets of the corporation was improper. To that extent, at least, the judgment must be reversed.

We are further of opinion, moreover, that the judgment as a whole should not stand, the plaintiffs having failed to prove a

cause of action for misappropriation in favor of the corporation predicated merely upon the book entries already mentioned.

When the corporation was about to cease business and remove from the premises occupied by it, seven entries were made in its books, the effect of which was to give the defendant Perlmutter a credit of $26,600. A sum in excess of this amount had been theretofore received by him and charged upon the books of the corporation in a manner hereafter to be indicated. Of these seven entries but two related to the corporation as such, the other five consisting merely of debits and credits between the personal accounts of Copland and Perlmutter. They pertained to drawings and merchandise in addition to the regular salaries received by them.

From the outset the corporation had maintained on its books separate accounts of the two stockholders. These reflected not only dealings with the corporation, but adjustments between themselves. These personal accounts show (and the decision of Special Term so finds) that all moneys paid by the corporation to the individual stockholders was paid by its checks signed by Copland as president and Perlmutter as secretary and treasurer; also that all merchandise received by them was received and debited in the same manner. It was in this way that the defendant Perlmutter had received the money already mentioned.

During all the times in question the corporation, so far as the record shows, was solvent; its surplus and profits continually increased, but there was no formal declaration of dividends. Both stockholders apparently treated the surplus as their own and drew corporate checks for personal use as already stated. Copland, who was not as actively engaged in business as Perlmutter, received monthly audits showing the amounts drawn and charged to him and these were reflected in income tax returns which he signed.

Upon the facts thus disclosed, we fail to find proof sufficient to sustain an action in favor of plaintiffs for conversion or misappropriation. By the entries in question the corporation sustained no injury. The entries were a mere matter of bookkeeping and the defendant Perlmutter was not shown to have obtained any money or property as a result. There was, therefore, no conversion. (*Meyer* v. *Price*, 250 N. Y. 370, 381; *McCoy* v. *American Express Co.*, 253 id. 477, 485; *Kaufman* v. *Simons Motor Sales Co.*, 261 id. 146, 149.)

True it is that he had theretofore received moneys for which, on plaintiffs' theory, he might be called upon to account. But it was not shown that such sums were originally misappropriated. The moneys were paid to and received by him while the corporation was solvent and with Copland's consent. The adjusting entries

here complained of did not result in the money or assets passing to Perlmutter.

Whether a cause of action in favor of the corporation or Copland, individually, to impose liability upon Perlmutter for the money originally received exists, we do not now decide. We hold merely that under the provisions of the statutes upon which this action is predicated no misappropriation was shown to have occurred by the mere making of the book entries in question.

The plaintiffs having failed to prove a cause of action in favor of the corporation for misappropriation predicated upon such entries, it follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs, but without prejudice.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs, but without prejudice. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.